Charles H. Chevalier
Rachel S. Johnston
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500
cchevalier@gibbonslaw.com
rjohnston@gibbonslaw.com

*Of counsel*

FENWICK & WEST LLP

James S. Trainor
R.J. Shea
902 Broadway, Suite 14
New York, New York  10010
(212) 921-2001
jtrainor@fenwick.com
rshea@fenwick.com

Michelle Irwin
1191 Second Avenue, 10th Floor
Seattle, Washington  98101
(206) 389-4510
**MIRWIN@FENWICK.COM**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALMIRALL, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>ACRUX DDS PTY. LTD.,<br><br>        Defendant. | Case No. 21-cv-11948 |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Almirall, LLC ("Almirall" or "Plaintiff"), with its principal place of business at 707 Eagleview Boulevard, Suite 200, Exton, Pennsylvania 19341, by its undersigned attorneys, brings this action against Defendant Acrux DDS Pty. Ltd. ("Acrux" or "Defendant"), located at 103-113 Stanley Street, West Melbourne VIC 3003, Australia, and hereby alleges as follows:

## NATURE OF THE ACTION

1.      This action for patent infringement is brought under the United States Patent Act and the Hatch-Waxman Act, based upon Acrux's submission of Abbreviated New Drug Application No. 213636 (the "Acrux ANDA") to the United States Food and Drug Administration ("FDA").

2.      By the Acrux ANDA, Acrux seeks approval to market a generic dapsone gel, 7.5% drug product (the "ANDA Product") prior to the expiration of United States Patent No. 9,517,219 ("the '219 Patent"), which covers *inter alia*, the use of Almirall's ACZONE® Gel, 7.5% drug product, and which is listed accordingly in the FDA's Orange Book.

## PARTIES

3.      Plaintiff Almirall is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, having a place of business at 707 Eagleview Boulevard, Suite 200, Exton, Pennsylvania 19341.

4.      On information and belief, Defendant Acrux DDS Pty. Ltd., is a corporation organized and existing under the laws of Australia, having its principal place of business at 103-113 Stanley Street, West Melbourne VIC 3003, Australia.

## JURISDICTION AND VENUE

5.      This civil action for patent infringement arises under the patent laws of the United States, including 35 U.S.C. § 271 and 21 U.S.C. § 355(j).

6. Original jurisdiction is vested in this Court over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Acrux by virtue of, *inter alia*, the fact that it has committed, or aided, abetted, contributed to, and/or participated in the commission of, the tortious act of patent infringement that has led to foreseeable harm and injury to Plaintiffs in this District.

8. This Court has personal jurisdiction over Acrux for the further reasons that, *inter alia*, Acrux (1) has substantial, continuous, and systematic contacts with this State, (2) markets, sells, and/or distributes generic pharmaceutical drug products to residents of this State, (3) intentionally markets and sells generic pharmaceutical drug products to residents of this State, (4) maintains a broad distributorship network within this State, and (5) enjoys substantial income from sales of its generic pharmaceutical products in this State.

9. Upon information and belief, this Court has personal jurisdiction over Acrux because, on information and belief, Acrux directly or through its affiliates and agents develops, formulates, synthesizes, manufactures, markets, imports, offers to sell, and/or sells pharmaceutical drug products, including the ANDA Product, in New Jersey.

10. If the FDA approves the Acrux ANDA prior to the expiration of the '219 Patent, upon information and belief, Acrux will market and sell the ANDA product throughout the United States, including in the State of New Jersey, in violation of Almirall's rights in the '219 Patent.

11. In the alternative, Plaintiffs are further informed and believe, and on that basis allege, that this Court has personal jurisdiction over Acrux pursuant to Federal Rule of Civil Procedure 4(k)(2) because Acrux has extensive contacts with the United States, including but not limited to the above-described commercial contract, is not subject to jurisdiction in any particular

state, and exercising jurisdiction over Acrux is consistent with the laws of the United States and the United States Constitution.

12.     This Court has personal jurisdiction over Acrux.

13.     Almirall's assertion of personal jurisdiction is reasonable and fair.

14.     Pursuant to 28 U.S.C. § 1391(c)(3), venue is proper against Acrux, a foreign corporation, in any judicial district that has personal jurisdiction, including this judicial District.

## THE PATENT-IN-SUIT

15.     On December 13, 2016, the United States Patent and Trademark Office issued the '219 Patent, entitled "Topical Dapsone and Dapsone/Adapalene Compositions and Methods for Use Thereof," a copy of which is attached as **Exhibit A** to this Complaint.

16.     Plaintiff Almirall owns all rights, title, and interest in the '219 Patent.

## ACZONE® GEL, 7.5%

17.     Almirall is the holder of approved New Drug Application No. 207154 (the "ACZONE® NDA") for a topical drug product used to treat acne vulgaris, and containing, *inter alia*, 7.5% by weight of the active pharmaceutical ingredient, dapsone.  The FDA granted approval of the ACZONE® NDA on February 24, 2016.

18.     Almirall markets and sells the subject product of the ACZONE® NDA under the trade name ACZONE® Gel, 7.5%.

19.     Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the '219 Patent is listed in the FDA publication, "Approved Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to the ACZONE® NDA and ACZONE® Gel, 7.5%.

## THE ACRUX ANDA

20.     Acrux is the owner of the Acrux ANDA.

21.     On information and belief, Acrux submitted, or caused to be submitted, the Acrux

4

ANDA to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), in order to obtain approval to market the ANDA Product as a generic version of ACZONE® Gel, 7.5%.

22.     On information and belief, the Acrux ANDA refers to and relies upon the ACZONE® NDA and contains data which, according to Acrux, demonstrate the bioequivalence of the ANDA Product and ACZONE® Gel, 7.5%.

23.     On or about April 15, 2021, Almirall received from Acrux, via FedEx Overnight Delivery, a "Notice of Certification Pursuant to 505(j)(2)(B)(ii) of the Federal Food, Drug and Cosmetic Act for U.S. Patent Nos. 9,161,926 and 9,517,219" (the "Notice Letter").

24.     The Notice Letter provides notice that Acrux submitted to the FDA the Acrux ANDA, which included a certification by Acrux, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II), that the claims of the '219 Patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the ANDA Product prior to the patent's expiration ("Acrux's Paragraph IV Certification").

25.     Acrux attached a memorandum (or "Detailed Statement") to its Notice Letter by which it alleged factual and legal bases for its Paragraph IV Certification.  Acrux's Notice Letter provides allegations that the claims of the '219 Patent are invalid and/or will not be infringed by acts in relation to the ANDA Product as described in the Acrux ANDA.

26.     The Notice Letter provides that Acrux seeks approval to market the ANDA Product before the '219 Patent expires.

**CLAIM FOR INFRINGEMENT OF THE '219 PATENT**

27.     Almirall realleges and incorporates by reference Paragraphs 1 through 26 of this Complaint.

28.     The Acrux ANDA is an application for FDA approval of Acrux to market the

ANDA Product for, *inter alia*, use by physicians treating, and patients having, acne vulgaris.

29. Use of the ANDA Product as described in the Acrux ANDA is a method of treatment claimed in the '219 Patent.

30. The submission by Acrux to the FDA of the Acrux ANDA was an act of infringement of the claims of the '219 Patent.

31. The claims of the '219 Patent are not invalid.

32. Approval of the Acrux ANDA prior to the expiration of the '219 Patent will injure Plaintiff Almirall as owner of the patent, holder of the ACZONE® NDA, and distributor and seller of ACZONE® Gel, 7.5% in the United States.

33. An actual case or controversy exists between Almirall and Acrux.

34. Almirall will be harmed substantially and irreparably if Acrux is not enjoined from infringing the '219 Patent.

35. Almirall has no adequate remedy at law.

36. Almirall is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Almirall prays for judgment in its favor and against Acrux and respectfully requests the following relief:

(a) A judgment that Acrux has infringed one or more claims of the '219 Patent under 35 U.S.C. §271(e)(2);

(b) An order, pursuant to 35 U.S.C. §271(e)(4)(A), that the effective date of any approval of the Acrux ANDA, under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. §355(j)), shall not be earlier than the expiration of the '219 Patent, including any extensions, adjustments, and exclusivities;

(c)      A grant, pursuant to 35 U.S.C. § 271(e)(4)(B), of an injunction against Acrux, its officers, partners, agents, servants, employees, parents, subsidiaries, divisions, affiliate corporations, other related business entities, and all other persons acting in concert, participation, or in privity with them, and their successors and assigns, preventing the commercial manufacture, use, offer to sell, or sale of the ANDA Product within the United States, or the importation the ANDA Product into the United States, prior to the expiration of the '219 Patent, including any extensions, adjustments, and exclusivities;

(d)      Attorneys' fees in this action, as an exceptional case pursuant to 35 U.S.C. § 285;

(e)      Costs and expenses in this action; and

(f)      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: s/ Charles H. Chevalier

*Of counsel:*

FENWICK & WEST LLP

James S. Trainor
R.J. Shea
902 Broadway, Suite 14
New York, NY  10010
(212) 921-2001
jtrainor@fenwick.com
rshea@fenwick.com

Michelle Irwin
1191 Second Avenue, 10th Floor
Seattle, WA  98101
(206) 389-4510
mirwin@fenwick.com

Dated:    May 28, 2021

Charles H. Chevalier
Rachel S. Johnston
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500
cchevalier@gibbonslaw.com
rjohnston@gibbonslaw.com

*Attorneys for Almirall, LLC*

8